NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**CANADIAN SOLAR, INC.,**
*Appellant*

**v.**

**MAXEON SOLAR PTE. LTD.,**
*Appellee*

———————————

2026-1525

———————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2024-01039.

———————————

**ON MOTION**

———————————

Before LOURIE, PROST, and REYNA, *Circuit Judges*.

PER CURIAM.

**O R D E R**

In response to a patent infringement suit brought by Maxeon Solar PTE. Ltd., Canadian Solar, Inc. ("CSI") commenced the underlying inter partes review ("IPR") proceeding. CSI appeals from the Patent Trial and Appeal Board's decision that claim 12 of U.S. Patent No. 8,222,516 was not

2          CANADIAN SOLAR, INC. v. MAXEON SOLAR PTE. LTD.

shown to be unpatentable. Maxeon now moves to dismiss the appeal as moot in view of its "unilateral covenant not to sue" CSI for infringement. ECF No. 6 at 21. CSI does not oppose dismissal but requests vacatur, which Maxeon opposes.

"Vacatur is in order when mootness occurs through . . . the unilateral action of the party who prevailed" before the originating tribunal. *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71–72 (1997) (cleaned up). Here, CSI's appeal became moot based on Maxeon's unilateral actions. We therefore dismiss the appeal as moot and vacate the relevant portion of the Board's decision. We see no need to go further and order the Board to dismiss the petition insofar as it challenged claim 12. *See MemoryWeb, LLC v. Samsung Elecs. Co.,* No. 2024-1315, 2025 WL 3494918, at *2 (Fed. Cir. Dec. 5, 2025).

Accordingly,

IT IS ORDERED THAT:

(1) The motions are granted to the extent the appeal is dismissed as moot and the final written decision is vacated as to claim 12 of the '516 patent.

(2) Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

August 12, 2026
Date